## PEMBERTON v. UNITED STATES.

### No. 1127.

Circuit Court of Appeals, Tenth Circuit.

April 8, 1935.

Karl V. King, of Salt Lake City, Utah (Samuel A. King, of Salt Lake City, Utah, on the brief), for appellant.

John S. Boyden, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty., of Salt Lake City, Utah, and Scott M. Matheson, Asst. U. S. Atty., of Cedar City, Utah, on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and KENNEDY, District Judge.

LEWIS, Circuit Judge.

Appellant was tried, convicted and sentenced to three years imprisonment in the penitentiary on an indictment charging perjury. 18 USCA § 231. The substance of appellant's assignments of error is: (1) The Court erred in refusing to grant his motion to instruct the jury to return a verdict of not guilty. (2) The Court erred in denying his motion for a new trial upon the grounds specified therein, particularly upon the ground of newly discovered evidence.

The first assignment presents a question of law, which calls for an examination of the record, not for the purpose of weighing conflicting testimony, but only to determine whether there was some evidence, competent and substantial, before the jury, fairly tending to sustain the verdict. Abrams v. United States, 250 U. S. 616, 619, 40 S. Ct. 17, 63 L. Ed. 1173; Stilson v. United States, 250 U. S. 583, 588, 40 S. Ct. 28, 63 L. Ed. 1154; Goldman v. United States, 245 U. S. 474, 477, 38 S. Ct. 166, 62 L. Ed. 410.

A motion for new trial is addressed to the discretion of the trial court, and its ruling thereon is not open to review in the absence of a showing of abuse of discretion.

Century Indemnity Co. v. Shakespeare (C. C. A. 10) 74 F.(2d) 392, 394. In order that we may pass upon the second assignment and decide whether the court abused its discretion in overruling appellant's motion for new trial we must examine the evidence.

▮ The bill of exceptions herein was lodged after the term at which the judgment appealed from was entered and after the lapse of further time allowed for that purpose by order of court. The court below was without authority to allow the bill of exceptions. This court passed upon this situation in Davis v. United States, 67 F. (2d) 737, 738:

"It is well settled that where the term at which the judgment appealed from was entered has expired and there is no standing rule or special order extending the same for the purpose of settling the bill of exceptions, the trial court can neither allow a bill of exceptions nor alter or amend a bill of exceptions already allowed. Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; First Nat. Bank v. Wilder (C. C. A. 8) 100 F. 223; Honey v. Chicago, B. & Q. R. R. Co. (C. C. A. 8) 82 F. 773."

See, also, Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663. We are unable to pass upon the errors assigned.

Although we are precluded from ruling on the errors assigned for the reasons stated, we have satisfied ourselves that the case was one for the determination of a jury, and that the court did not abuse its discretion in overruling the motion for new trial.

The judgment is affirmed. The mandate will issue forthwith.