**UNITED STATES of America,
Plaintiff-Appellee,
v.
William B. ENGLAND a/k/a William Benjamin England, Defendant-Appellant.
No. 15885.**

United States Court of Appeals Seventh Circuit.

April 13, 1967.

Rehearing Denied June 8, 1967, En Banc.

Wayne H. Bigler, Jr., Clayton, Mo., John J. Hoban, East St. Louis, Ill., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Tax Div., Willard C. McBride, Atty., Dept. of Justice, Washington, D. C., Carl W. Feickert, U. S. Atty., East St. Louis, Ill., Lee A. Jackson, Joseph M. Howard, Richard B. Buhrman, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before SCHNACKENBERG, FAIRCHILD and CUMMINGS, Circuit Judges.

FAIRCHILD, Circuit Judge.

This case has been here before. Many of the facts are reflected in the earlier opinion [1] and need not be repeated.

England, Sr. and England, Jr. were charged with wilfully attempting to evade and defeat the payment of income taxes owed by England, Sr. for 1944, 1945 and 1946 by concealing and misrepresenting England, Sr.'s ownership of certain real estate. The first trial resulted in conviction of both. This court reversed because of an erroneous instruction. On the second trial, England, Jr. was acquitted and England, Sr. convicted. England, Sr. has appealed, raising three points.

1. *Proof of liability for 1944 tax.* The government's theory is that England, Sr.'s liability for 1944, 1945 and 1946, the payment of which he attempted to evade, was determined by assessments made February 4, 1955. That date was more than three years after the filing of the returns for the years in question. But the lapse of three years is immaterial if the returns were false or fraudulent, with intent to evade the tax.[2] England, Sr. concedes there was evidence, sufficient to go to the jury, that the 1945

1. United States v. England (7th Cir. 1965), 347 F.2d 425.

2. 26 U.S.C.A. § 6501(c) (1).

and 1946 returns were fraudulent, but asserts there was no evidence that the 1944 return was fraudulent, and argues that the assessment for that year should not have been admitted in evidence.

The government points out that it makes no difference whether the jury found there was liability for 1944 or not, because there were substantial liabilities for the other two years, payment of which England, Sr. attempted to evade.

█ In addition the government contends there was sufficient evidence for the jury to find that the 1944 return was fraudulent and the 1955 assessment therefore timely. We agree. England, Sr. signed a waiver and consent, set out in a footnote in the prior opinion, p. 428. He consented to assessment and collection of an amount of tax for 1944, as well as an additional amount labeled "50% Fraud Penalty." He did not challenge the assessment during seven years after it was made, but recognized the liability. He made an offer of compromise in which he asserted inability to pay as the only ground for acceptance, and after rejection of the offer, he authorized the Internal Revenue Service to apply the tendered funds to his tax liability.

It is true that the waiver recited that it did not extend the statutory period of limitation for assessment, but if the 1944 return was fraudulent, there was no applicable period of limitation to be extended. The jury could properly have considered the signing of the waiver, consenting to an assessment of an increased tax and a fraud penalty, together with defendant's later conduct, as an admission of fraud in the 1944 return as well as of liability.

█ 2. *Evidence of penalties and interest.* The indictment charged attempts to evade payment of 1944 tax in the amount of $9,849.78 and of 1945 and 1946 tax in the amount of $17,182.19. In the course of trial several documents were received which showed the amount of penalties and interest as well as the tax. England, Sr. does not challenge the propriety of admitting the documents to show the tax figures, but contends the court should have masked the other figures. His concern is over the effect the total amount of liability, some $56,-000, may have had on the jury.

Accrual of substantial amounts of penalty and interest is a consequence of the existence of tax liability under the circumstances of the case, and we do not view the incidental disclosure of these amounts to the jury as prejudicial for any reason.

█ 3. *Instruction on acts of codefendant.* The court included in its instructions, the following:

"But when men enter into an agreement, either formal or implied, for an unlawful end they become agents for one another. What one does pursuant to the common purpose, all do, and acts, declarations, statements or conversations by one in furtherance of the common design and during its continuance are competent and admissible against all.

"If you now find beyond a reasonable doubt from all the evidence in this case that there was a common plan or design of the two defendants to engage in a course of conduct of the type shown by the evidence, you may consider all the acts, declarations and statements of each of the individual defendants as evidence pertaining to both.

"On the other hand, if you find from all the evidence that such a common plan or design was not shown beyond a reasonable doubt, then you will consider the acts and declarations of each defendant only as to him and not to the other defendant." [3]

The court refused to instruct, as requested by defendants:

"* * * An admission or incriminatory statement made outside of Court by one defendant may not be

---

3. See the closely similar instruction quoted in United States v. Bernard (7th Cir. 1961), 287 F.2d 715, 720, cert. den. 366 U.S. 961, 81 S.Ct. 1921, 6 L.Ed.2d 1253 (1961).

considered as evidence against another defendant not present when the statement was made."

Obviously the requested instruction would have to be modified in order to be a correct statement with respect to declarations in furtherance of a common design, during its continuance. Further, the last paragraph quoted from the instruction given covers the subject. Actually it was more favorable to defendants than their request, for it would not have informed the jury that the statement of one in the presence of the other may be considered against both, even where there is no common design. Finally, the jury acquitted England, Jr., and thus found there was no common design. It must then be assumed that the jury did not consider against England, Sr. two documents which were prepared by England, Jr. These are the items of evidence which appear to give England, Sr. concern.

Refusal to give the instruction was not prejudicial error.

The judgment appealed from is Affirmed.