**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles SPENCER, a/k/a Jesse,
Defendant-Appellant.**

**No. 16858.**

United States Court of Appeals
Seventh Circuit.

Aug. 22, 1969.

Frederick J. Hertz, Allen D. Schwartz, Hertz, Robbins & Schwartz, Chicago, Ill., for defendant-appellant, Jerome N. Robbins, Chicago, Ill., of counsel.

Thomas A. Foran, U. S. Atty., Robert S. Thaller, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, MAJOR, Senior Circuit Judge, and KERNER, Circuit Judge.

MAJOR, Senior Circuit Judge.

Defendant, Charles Spencer, was charged in a 4-count indictment with the possession and sale of heroin, a narcotic drug. Count 1 charged that on April 21, 1966, he unlawfully sold, bartered and exchanged heroin to Willie Davis, also known as Harold Evans, not in pursuance of a written order from Davis, in violation of Title 26 U.S.C.A. Sec. 4705(a). Count 3 charged the violation of the same statutory provision by reason of a sale and exchange of heroin to Davis on April 28, 1966. Count 2 charged that by reason of the transaction described in count 1, defendant possessed and sold heroin with knowledge that it had been unlawfully imported into the United States, in violation of Title 21 U.S.C.A. Sec. 174. Count 4 charged the violation of the same statutory provision by reason of the April 28, 1966, transaction described in count 3.

Defendant was tried to the court without a jury, found guilty, sentenced and fined on each count, the sentences to run concurrently. From this judgment defendant appeals.

The principal grounds urged for reversal are (1) that the court erred in denying defendant's motion for a judgment of acquittal because of insufficiency of proof; (2) that the court erred in denying defendant's motion for a new trial; (3) that statements made by Willie Davis to law enforcement agents were improperly admitted in evidence;

(4) that the government failed to meet its obligation to call Willie Davis as a witness, and (5) that enforcement of Sec. 4705(a) violated defendant's privilege against self-incrimination.

In the main, the government acquiesces in the statement of the facts set forth in defendant's brief. In abbreviated form they follow. On April 21, 1966, Federal Narcotic Agent Boyles met Willie Davis in a basement apartment at 6516 South Kenwood Avenue, Chicago, for the purpose of negotiating for the purchase of narcotics. He was introduced to Davis by Curtis Edwards, a brother-in-law of Davis, whom Boyles had previously met. Davis told Boyles that he had a supplier who was a big man in the dope trade. The price and quality was discussed, Davis was supplied with $300.00 in government money and left the apartment promising to return in a few minutes. Boyles saw Davis meet defendant on the sidewalk in front of the apartment where Davis lived. Defendant and Davis walked to the former's automobile which was parked a short distance away. Standing near the automobile, Davis gave defendant some money. Defendant left and shortly returned. Agent Bottoroff was parked nearby and saw Davis give defendant money. Later, Bottoroff observed the scene through binoculars and saw defendant meet Davis on the sidewalk and give Davis a foil packet. After receiving the packet Davis crossed the street, entered the apartment and met Boyles in the doorway of a bedroom, where he gave him a foil packet containing narcotics.

On April 28, 1966, at 1:30 p. m., Boyles again met Davis who stated that his supplier had already been there. They drove in Davis' car to a spot near defendant's apartment. After Davis left the car three times to negotiate with defendant as to the price to be paid for narcotics, he was given $400.00 in government money. A short time later defendant drove up and parked his automobile. Agents Vertovec and Bottoroff were in an automobile and witnessed the transaction between Davis and defendant. Bottoroff saw Davis and defendant meet on the sidewalk, and saw their hands meet. Vertovec, looking through the government binoculars, saw defendant hand Davis a foil packet which in a few minutes Davis delivered to Boyles. At no time did Boyles give an order form to Davis or Davis give an order form to defendant.

Defendant's contention that the court erred in denying his motion for judgment of acquittal is based in the main upon the erroneous premise that the evidence was circumstantial. In this connection numerous points are advanced in an effort to demonstrate that the government's proof was insufficient. For instance, it is stated that Davis was not searched for narcotics or money before his meetings with defendant on either of the dates involved; that it is possible that Davis might have received the packages delivered to Boyles from sources other than the defendant, and that the agents' testimony as to the delivery of packages by defendant to Davis was open to serious doubt because the packages were small and the agents were not located so as to have a clear view of the transaction. Any plausibility in these and similar points was resolved against defendant by the trier of the facts and is of little if any benefit to his case here.

■ Defendant's argument as to the inferiority of circumstantial evidence is not tenable. Circumstantial, the same as direct, evidence is sufficient if it satisfies the trier of the facts of defendant's guilt beyond a reasonable doubt. See Vuckson v. United States, 9 Cir., 354 F.2d 918, 920, cert. den. 384 U.S. 991, 86 S.Ct. 1896, 16 L.Ed.2d 1007; United States v. Burkeen, 6 Cir., 350 F. 2d 261, 264.

■ Defendant's argument that the court erred in denying his motion for a new trial is based principally upon two exhibits submitted in connection therewith. These exhibits are a traffic report and a photograph which show, so

defendant claims, that the testimony of the two government witnesses is open to "serious doubt." Defendant made no showing that the evidence disclosed by the exhibits was in fact newly discovered and that it had come to defendant's knowledge since the trial; that the offered evidence. was so material that it would probably produce an acquittal on a new trial; that it was not merely cumulative or of an impeaching nature. These are the requirements set forth by this court in United States v. Marachowsky et al., 213 F.2d 235, 238, cert. den. 348 U.S. 826, 75 S.Ct. 43, 99 L.Ed. 651. Defendant failed to meet any of these prerequisites in support of his motion for a new trial, and we hold it was properly denied.

■ Defendant complains that hearsay testimony was erroneously admitted which materially affected the outcome of the trial. This refers to the testimony of Boyles as to statements made and acts performed by Davis outside the presence of defendant. This contention rests squarely on the premise, as stated in defendant's brief, "No joint venture was proved here."

A reading of the transcript discloses that with one minor exception no objection was made to the introduction of Boyles' testimony and that any issue arising therefrom was not properly preserved for review. Even so, we prefer to dispose of the issue on its merits.

It is hardly open to question but that defendant and Davis were engaged in a common enterprise, with the objective of dealing in and disposing of narcotics. There was evidence that Davis negotiated to sell heroin to Boyles upon terms and conditions of sale dictated by defendant. Pursuant to such arrangement, Davis transferred money to defendant and received from him the quantity of heroin that Davis had agreed to procure for Boyles. Defendant's acts of receiving money from Davis and delivering the heroin are proof of his participation in the joint criminal venture.

This court, in United States v. Bernard, 287 F.2d 715, 720, approved of the following instruction given to the jury:

"'When men enter into an agreement for an unlawful end, they become agents for one another. What one does pursuant to the common purpose, all do, and declarations, statements or conversations by one in furtherance of the common design and during its continuance are competent against all.'"

This court on numerous occasions has approved of this statement of law. See United States v. England, 7 Cir., 376 F.2d 381, 383; United States v. Zuideveld, 7 Cir., 316 F.2d 873, 878. See also United States v. Rinaldi, 2 Cir., 393 F.2d 97, 99.

■ Defendant's contention that he was deprived of his constitutional right under the Sixth Amendment because of the government's failure to call Davis as a witness is based upon a false premise, that is, that Davis was the accuser and should have been called by the government as a witness. Obviously, defendant was accused by the Grand Jury and not by Davis. In any event, the contention is without merit.

Davis was not a government informer and, so far as the record reveals, was not previously acquainted with Boyles, for whom he procured the heroin. His purpose was to aid defendant in the sale of heroin and not the government in obtaining evidence to aid in the prosecution. Davis' identity was known to defendant; in fact, both were named as co-defendants in the indictment on which defendant was tried and convicted. Defendant made no effort to obtain the attendance of Davis and did not suggest that the court call him as a court witness. It seems to us that defendant, if he desired the testimony of Davis, was in as good a position to obtain his attendance as was the government.

Cases relied upon by defendant, such as Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3 L.Ed.2d 1217; Roviaro v.

United States, 353 U.S. 53, 76 S.Ct. 623, 1 L.Ed.2d 639, and that of this court in United States v. Conforti, 7 Cir., 200 F. 2d 365, are of no aid to defendant's contention. In *Napue*, the issue concerned the introduction by the prosecutor of evidence known to be false. In *Roviaro*, the issue concerned the refusal of the trial court to require the government to disclose the identity of an informer who was unknown to defendant and not available to him as a witness. In *Conforti*, this court stated (page 369):

"The Government was under no duty to volunteer the names of all possible witnesses, nor was it required to bring into court as witnesses all persons who participated in or had some knowledge of the transactions here involved."

In United States v. Lutwak, 195 F.2d 748, page 754, aff. 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593, this court stated:

"* * * it is generally recognized that where there is a witness to a crime for whose veracity and integrity the prosecuting attorney is not willing to vouch, he is not compelled to call the witness, but that the court, in its discretion, may do so and allow cross-examination by both sides within proper bounds."

Lastly, we consider defendant's contention that enforcement of Title 26 U.S.C.A. Sec. 4705(a) against him violates his privilege against self-incrimination by requiring him "to record his own crime." We see no point in citing or discussing Supreme Court cases relied upon by defendant for the reason that the precise issue presented here has not been decided by that court.

However, this court in United States v. Lawler, 413 F.2d 622, decided July 10, 1969, in an analogous situation had before it the precise constitutional issue now presented and decided it adversely to the defendant. In doing so we cited with approval the decision and the reasoning of the Second Circuit in United States v. Minor, 398 F.2d 511. See also Nigro v. United States, 276 U.S. 332, 350, 48 S.Ct. 388, 72 L.Ed. 600, and Howard v. United States, 9 Cir., 397 F. 2d 72, 74.

We think it unnecessary to repeat the reasoning employed in *Lawler*. It is sufficient to state that we adhere to that decision and hold that the constitutional issue raised by defendant is without merit.

The judgment appealed from is

Affirmed.