UNITED STATES of America, Plaintiff,

v.

Thomas STIMAC, George Burroughs, Alan Ray Hattaway, Martin Curran and Gary Miller, Defendants.

No. 82 CR 308.

United States District Court, N.D. Illinois, E.D.

March 9, 1983.

---

Richard L. Miller, Jr., William Coulson, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Seymour Vishny, Chicago, Ill., for Stimac.

Glen Seiden, Chicago, Ill., for Burroughs.

J. Stephen Gray, Salisbury, N.C., for Hattaway.

Santo Volpe, Chicago, Ill., for Curran.

James Irwin, Asheville, N.C., for Miller.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Stimac, Curran, and Burroughs move for a new trial based on what they contend to be newly discovered evidence. The evidence to which they refer consists of:

(1) Darlene Callahan's post-trial statements to the Senate Judiciary Committee asserting that defendant Hattaway referred to "the Mob" as well as "the Outlaws" in threatening her, and

(2) Evidence of an informant's statement to ATF Special Agents to the effect that defendant Miller had tried to hire the informant to kill two government witnesses prior to trial.

■ The standards for granting a new trial on the basis of newly discovered evidence were stated by the Seventh Circuit in *United States v. Davis*, 604 F.2d 474, 483 (7th Cir.1979):

> To warrant granting a motion for a new trial based on newly discovered evidence, it must be shown (1) that the evidence was discovered since the trial; (2) that the evidence could not have been discovered sooner with the exercise of due diligence; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is so material that it probably would produce a different verdict.

(Citations omitted). These standards reflect the fact that such motions are not favored and should be viewed with caution. *Davis; United States v. Curran*, 465 F.2d 260, 262 (7th Cir.1972).

■ We conclude that neither of the statements constitutes newly discovered evidence for which a new trial should be granted. Moreover, neither statement is exculpatory—as a matter of fact, the statements are clearly inculpatory—and neither would likely have changed the jury's verdict.

■ At trial, the government presented proof beyond a reasonable doubt of defendants' guilt. It is highly improbable that testimony implying that "the Mob" *as well as* "the Outlaws" threatened Darlene Callahan would have led the jury to acquit defendants. As indicated above, this statement, if relevant to the proceedings, would have been highly damaging to defendants' cause. The likelihood of changing a jury's decision must rise considerably above the

level of speculation in order to justify a new trial. *United States v. Riley,* 544 F.2d 237, 241 (5th Cir.1976), *cert. denied,* 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977).

 Defendants imply that Darlene Callahan's Senate testimony impeaches her credibility in that it was even more favorable to the government's contentions than her testimony at trial. However, where subsequently disclosed evidence serves only to impinge the credibility of the witness and would not likely have changed the jury's verdict, a new trial is not required. *See, e.g., United States v. Anderson,* 509 F.2d 312, 328 (D.C.Cir.1974), *cert. denied,* 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1974).

The second piece of evidence upon which defendants base their motion is a statement by a government informant asserting, in effect, that defendant Miller admitted to him that defendants Miller, Hattaway, and Stimac had performed some of the acts of which they were accused and that Miller had attempted to hire him to kill two government witnesses prior to trial. Defendants' contention that this evidence is favorable to them within the meaning of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is incredible at best.[1] The evidence is not in any way exculpatory of any of the defendants; on the contrary, it is cumulative to the inculpatory evidence presented by the government at trial and, as such, is not an appropriate basis for the granting of a new trial.

For the reasons stated above, defendants' motion for a new trial is denied. It is so ordered.

---

1. In *Brady,* the Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment. 373 U.S. at 87, 83 S.Ct. at 1196–97.