**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50352 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00725-L-1 |
| v. | |
| DELBERT LENNARD HOLLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted March 8, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District
Judge.[**]

Delbert Holley appeals his conviction for making false statements in the

acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm Holley's conviction.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**] The Honorable Mark L. Wolf, Senior District Judge for the U.S. District Court for
the District of Massachusetts, sitting by designation.

The district court properly denied Holley's motion to suppress his January 6, 2010, statements to San Diego County sheriff's detectives because Holley was not then in custody as is necessary to require warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966). *See United States v. Craighead*, 539 F.3d 1073, 1083–84 (9th Cir. 2008). There was ample evidence to prove that only two detectives were present for the interrogation in Holley's home, Holley was not restrained, and he was not isolated from the members of his family, who were in the room when he was questioned. In the totality of the circumstances, Holley was not questioned in the "police-dominated atmosphere" that makes an interrogation in a person's home custodial and, therefore, requires *Miranda* warnings. *See Craighead*, 539 F.3d at 1083–84.

Because Holley was not in custody for the purpose of *Miranda* when he made statements to the detectives on January 6, 2010, the questioning of him on February 4, 2010, does not implicate the two-step interrogation process for persons in custody that is discussed in *Missouri v. Seibert*, 542 U.S. 600, 604 (2004). *See United States v. Williams*, 435 F.3d 1148, 1157 (9th Cir. 2006).

The district court did not err in denying Holley's motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. Holley was charged with a single count of making false statements in the acquisition of a firearm in violation

of 18 U.S.C. § 922(a)(6). That single count alleged two, discrete material false statements made by Holley on Form 4473 of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"): (1) that Holley was not an unlawful user of controlled substances; and (2) that Holley was the actual purchaser of the firearm. 18 U.S.C. § 922(d)(3) makes it unlawful to sell a firearm to a user of a controlled substance. The jury was informed of this prohibition by the testimony of ATF Special Agent Matthew Beals. The district judge, rather than the witness, should have instructed the jury on § 922(d)(3), the requirements of which are a matter of law not fact. *See Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). However, Beals's testimony was an accurate statement of the law concerning § 922(d)(3). The district judge correctly instructed the jury that the government had to prove that any false statement was material. *See Neder v. United States*, 527 U.S. 1, 16 (1999); *United States v. Gaudin*, 515 U.S. 506, 512–19 (1995); *United States v. Moore*, 109 F.3d 1456, 1463–66 (9th Cir. 1997). The district judge also properly instructed the jury that a statement was material if it had a "natural tendency to influence, or [was] capable of influencing" the dealer in deciding whether the firearm could lawfully be sold to Holley. *Neder*, 527 U.S. at 16 (quoting *Gaudin*, 515 U.S. at 509).

3

Viewed in the light most favorable to the government, *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012), the evidence was sufficient to prove that Holley's statement on ATF Form 4473 that he was not an unlawful user of controlled substances was false. The evidence also was sufficient for the jury to find that this false statement was material. The government was only required to prove one of the two alleged material false statements to obtain Holley's conviction. *See United States v. Portac, Inc.*, 869 F.2d 1288, 1296 (9th Cir. 1989); *United States v. Vuckson*, 354 F.2d 918, 920 (9th Cir. 1966). Therefore, it is not necessary to decide the merit of Holley's contention that any false statement concerning whether he was the actual purchaser of the shotgun was not material to the lawfulness of the sale because the government had not introduced sufficient evidence to prove that Donnell Roberts, the person for whom Holley bought the firearm, was legally prohibited from purchasing it. *Compare United States v. Polk*, 118 F.3d 286, 294–95 (5th Cir. 1997) (no liability under § 922(a)(6) where true purchaser can legally purchase firearms), *with United States v. Abramski*, 706 F.3d 307, 316 (4th Cir. 2013) (quoting *United States v. Frazier*, 605 F.3d 1271, 1280 (11th Cir. 2010)) (government need not prove that true purchaser is legally prohibited from purchasing firearms because identity of purchaser is always material to lawfulness of firearms purchase).

4

Nor do Holley's claims of prosecutorial misconduct justify relief. It was not misconduct for the prosecutor to ask Detective Mark Palmer how Palmer "would describe [Holley]" when Holley answered certain questions. In any event, Palmer's unsolicited description of Holley as "untruthful" did not materially affect the fairness of the trial, *see United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011), in part because the judge sustained defense counsel's objection, granted his motion to strike that statement, and later instructed the jury to disregard any testimony that had been stricken. It is presumed that a jury follows the court's instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987); *United States v. Kalin*, 50 F.3d 689, 694 (9th Cir. 1995).

Assuming, without deciding, that the prosecutor engaged in misconduct by eliciting references to the issuance of a warrant for Holley's arrest based on probable cause, those references too did not materially affect the fairness of the trial. *See Reyes*, 660 F.3d at 461. There were several such references. Defense counsel objected only to some of them. The district judge instructed the jury to "disregard what a federal judge found." Once again, the jury is presumed to have followed this instruction. *See Richardson*, 481 U.S. at 206.

Holley did not object to the prosecutor's reference in closing argument to the fact that the shotgun Holley bought was used by Roberts to commit a murder and

5

kill himself.  That reference did not constitute plain error.  *See Reyes*, 660 F.3d at 461.  The murder and suicide were discussed by witnesses throughout the trial without objection.  In closing arguments "prosecutors are free to argue reasonable inferences from the evidence."  *United States v. Gray*, 876 F.2d 1411, 1417 (9th Cir. 1989); *accord United States v. Hermanek*, 289 F.3d 1076, 1100 (9th Cir. 2002).  Moreover, to the extent the prosecutor's single statement was arguably an improper appeal to emotion, *see United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005), in the context of all of the other evidence that the jury was entitled to credit, that statement did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings" or cause a miscarriage of justice.  *See Reyes*, 660 F.3d at 461 (quoting *United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir. 2002)).

    **AFFIRMED.**