# GOLDMAN ET AL. *v.* UNITED STATES.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 702. Argued December 13, 14, 1917.—Decided January 14, 1918.

The Selective Draft Law of May 18, 1917, *upheld* as constitutional, on the authority of the *Selective Draft Law Cases, ante,* 366, in a case of conspiracy to violate the act by dissuading persons from registering.

In reviewing directly a judgment of the District Court in a criminal case, when the constitutional questions upon which the jurisdiction of this court depends are not frivolous but are resolved against the plaintiff in error, other questions raised are to be considered and passed upon.

It is well settled that, under § 37 of the Criminal Code, a conspiracy to commit an offense, when followed by overt acts, is punishable as a substantive crime, whether the illegal end has been accomplished or not.

Upon a review of the whole record, the court finds that the objection that there was no evidence of guilt for the jury is absolutely devoid of merit, and based upon the false assumption that the power to review includes the right to invade the province of the jury by determining questions of credibility and weight of evidence.

Affirmed.

THE case is stated in the opinion.

*Mr. Harry Weinberger* for plaintiffs in error.

*The Solicitor General,* with whom *Mr. Robert Szold* was on the brief, for the United States. See *ante,* 368.

*Mr. Hannis Taylor* and *Mr. Joseph E. Black,* by leave of court, filed a brief as *amici curiæ.*

*Mr. Walter Nelles,* by leave of court, filed a brief as *amicus curiæ.*

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Because of the constitutional questions involved the plaintiffs in error prosecute this direct writ of error to reverse a crimimal conviction and resulting sentence imposed upon them. The indictment upon which the conviction was had charged them with having, in violation of §§ 37 and 332 of the Criminal Code, unlawfully conspired together and with others unknown to induce persons, who by the Selective Draft Law of May 18, 1917, c. 15, 40 Stat. 76, were under the duty to register, to disobey the law by failing to register. Five specified overt acts were in the indictment charged to have to have been committed in furtherance of the alleged illegal conspiracy.

Seven grounds of error were assigned at the time of the allowance of the writ: 1. The refusal of the court at the request of the defendants to dismiss the indictment on the ground that the formation of a conspiracy to induce persons not to register as they were required under the law to do, and the performance of overt acts to carry out the conspiracy, constituted no offense. 2. The action of the court in refusing to grant a motion in arrest of judgment on the same ground. 3. The refusal to set aside the verdict because the facts proved did not constitute an offense against the United States. 4. The denial of a motion to dismiss the prosecution at the request of the defendants on the ground that the Selective Draft Law, upon which the alleged duty to register depended, was repugnant to the Constitution and void, there being numerous specifications on this subject involving a challenge of all power in Congress to have enacted the law, and, moreover (upon the assumption of some power,) an assertion of the repugnancy of the statute to the Constitution, resulting from various provisions which the act contained. 5. The de-

nial by the court of a motion made at the close of the
case to dismiss the indictment on the ground that it stated
no offense, as previously insisted, and upon the further
ground that, in any event, there was no proof of the al-
leged conspiracy or the averred overt acts, or of any act
adequate to show guilt.  6 and 7. The refusal of a mo-
tion to set aside the verdict and in arrest of judgment be-
cause the verdict was contrary to law and unsupported
by evidence, upon grounds which had been previously
urged and overruled.

Putting aside the multiplication which results from
urging the same ground several times because when once
made it was adhered to and reiterated at different stages
of the trial, it is clear that the assignments embrace only
three propositions:  1. The failure to dismiss the prose-
cution because of the repugnancy of the Selective Draft
Law to the Constitution, for the reasons relied upon.
2. The refusal to dismiss because the indictment stated
no offense.  3. The refusal to dismiss because there was
no proof of conspiracy or of any overt acts adequate to
have justified the submission of the case to the jury.
Indeed in the elaborate argument at bar all the assign-
ments of error are treated as embraced under the prop-
ositions thus stated and we therefore come to dispose
of the case from such point of view.

1. The grounds here made the basis of the charge that
the Selective Draft Law is repugnant to the Constitution
are, so far as they concern the question of registration
provided for by that law, identical with those which were
urged in *Arver* v. *United States* [*Selective Draft Law Cases*],
*ante*, 366, and were there adversely disposed of.  The rul-
ing in that case therefore also adversely disposes of all
the relevant constitutional questions in this.  The duty
nevertheless remains to consider the other questions.
*Brolan* v. *United States*, 236 U. S. 216, 217–218.

2. The contention that the indictment stated no of-

fense proceeds upon the assumption, reiterated in various forms of statement, that no crime results from an unlawful conspiracy to bring about an illegal act, joined with the doing of overt acts in furtherance of the conspiracy, unless the conspiracy has accomplished its unlawful purpose by causing the illegal act to be committed. This, however, but disregards the settled doctrine that an unlawful conspiracy under § 37 of the Criminal Code to bring about an illegal act and the doing of overt acts in furtherance of such conspiracy is in and of itself inherently and substantively a crime punishable as such irrespective of whether the result of the conspiracy has been to accomplish its illegal end. *United States* v. *Rabinowich,* 238 U. S. 78, 85, 86, and authorities there cited.

3. Sifting out of the arguments advanced to support the proposition that there was no evidence whatever tending to show guilt, contentions based upon the misconception as to the law of conspiracy which we have just adversely disposed of, and, moreover, contentions concerning an asserted misuse of discretion by the court below in ruling on an application to postpone the trial, which, as we have seen, were not even remotely referred to in the assignments of error, we think all the arguments rest upon the assumption that the power to review embraces the right to invade the province of the jury by determining questions of credibility and weight of evidence and from the residuum of evidence, resulting from indulging in and applying the results of such erroneous assumption, drawing the conclusion as to no evidence relied upon. While this statement suffices to dispose of the case without going further, we nevertheless say without recapitulating the evidence that after a review of the whole record we think the proposition that there was no evidence whatever of guilt to go to the jury is absolutely devoid of merit.

It follows that the judgment below must be and it is

*Affirmed.*