**UNITED STATES of America**
**v.**
**Dr. Albert Emanuel BLUMBERG.**
**Cr. No. 17963.**

United States District Court
E. D. Pennsylvania.

Dec. 12, 1955.

See, also, 136 F.Supp. 275.

W. Wilson White, Philadelphia, Pa., David H. Harris, Washington, D. C., for the United States.

Thomas D. McBride, Michael von Moschzisker, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The defendant, indicted October 6, 1954 for violation of the membership clause of the Smith Act,[1] has moved for dismissal of the indictment [2] upon several grounds.

 The first contention made in defendant's brief is that, even if there were no Bill of Rights, Congress lacked power constitutionally to enact the membership clause of the Smith Act. This question was not raised by the reasons assigned in support of the motion to dismiss and consequently might be disregarded. It is deemed desirable, however, to dispose of the contention on its merits.

Defendant concedes that a limited power to pass laws making conduct criminal is granted to the Congress by Article I, Section 8, Clause 18 of the Constitution;[3] and he does not dispute that the Congress has power to protect the Government of the United States from armed rebellion.

That Congress has power to prohibit acts intended to effect the violent overthrow of the Government is beyond question. In Dennis v. United States, 341 U.S. 494, 501, 71 S.Ct. 857, 863, 95 L. Ed. 1137, Chief Justice Vinson said:

"The obvious purpose of the statute is to protect existing Government, not from change by peaceable, lawful and constitutional means, but from change by violence, revolution and terrorism. That it is within the *power* of the Congress to protect the Government of the United States from armed rebellion is a proposition which requires little discussion. * * * We reject any principle of governmental helplessness in the face of preparation for revolution, which principle, carried to its logical conclusion, must lead to anarchy. No one could conceive that it is not within the power of

---

1. 18 U.S.C. § 2385.

2. The indictment charges:

 (1) That from on or about July 26, 1945, and continuously thereafter, up to and including the date of the filing of this indictment, the Communist Party of the United States of America has at all times been a society, group, and assembly of persons who teach and advocate the overthrow and destruction of the Government of the United States by force and violence as speedily as circumstances would permit;

 (2) That from on or about July 26, 1945, and continuously thereafter, up to and including the date of the filing of this indictment, in the Eastern District of Pennsylvania and elsewhere, DR. ALBERT EMANUEL BLUMBERG, the defendant herein, has been a member of said Communist Party of the United States of America, the defendant well knowing during all of said period that said Communist Party of the United States of America was and is a society, group, and assembly of persons who teach and advocate the overthrow and destruction of the Government of the United States by force and violence as speedily as circumstances would permit, and said defendant intending to bring about such overthrow by force and violence as speedily as circumstances would permit.

3. "The Congress shall have Power * * * (t)o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."

Congress to prohibit acts intended to overthrow the Government by force and violence."

However defendant vigorously maintains that the means by which this power is carried into execution by the membership clause of the Smith Act are not appropriate or plainly adapted to the end of protecting the Government from armed rebellion. Defendant concedes that a conspiracy to organize a group who advocate violent governmental overthrow may constitutionally be made a crime. It would be strange logic, indeed, to hold that an agreement to organize such a group may be made criminal, but that membership in the group organized pursuant to such a conspiracy, with knowledge of its purposes, may not be made a crime.

The Supreme Court said, in Dennis v. United States, supra, 341 U.S. at page 511, 71 S.Ct. at page 868:

"And this analysis disposes of the contention that a conspiracy to advocate, as distinguished from the advocacy itself, cannot be constitutionally restrained, because it comprises only the preparation. It is the existence of the conspiracy which creates the danger. Cf. Pinkerton v. United States, 1946, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; Goldman v. United States, 1918, 245 U.S. 474, 38 S.Ct. 166, 62 L.Ed. 410; United States v. Rabinowich, 1915, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211. If the ingredients of the reaction are present, we cannot bind the Government to wait until the catalyst is added."

If the existence of a conspiracy to advocate violent overthrow of the Government creates a danger which may be constitutionally restrained, it is patent that the existence of a group who not only agree to but do advocate such violent overthrow is susceptible of restraint constitutionally imposed. To achieve the legitimate end of restraining any group which advocates forceful overthrow of the Government, a law which makes criminal membership in that group with knowledge of its purposes, is a plainly adapted and appropriate means. See Frankfeld v. United States, 4 Cir., 198 F.2d 679, 683;[4] Scales v. United States, 4 Cir., 227 F.2d 581.

Defendant next insists that he would be denied the due process of law guaranteed him by the Fifth Amendment by a trial upon this indictment. The language of the statute under which the present indictment is laid is almost identical with that in Section 2(a) (3) of the Smith Act, 54 Stat. 671, 18 U.S.C. (1946 Ed.) §§ 10, 11. In Dennis v. United States, supra, the Supreme Court held at page 516 of 341 U.S., at page 871 of 71 S.Ct.:

"We hold that §§ 2(a) (1), 2(a) (3) and 3 of the Smith Act, do not inherently, or as construed or applied in the instant case, violate the First Amendment and other provisions of the Bill of Rights, or the First and Fifth Amendments because of indefiniteness."

This holding appears to be decisive of the question raised by this contention of the defendant, but, since it was not specifically discussed in the Supreme Court's opinion, some brief discussion may be warranted here. The gist of defendant's argument on this point is that "a person cannot constitutionally be convicted of crime for participation in peaceful advocacy of the Communist Party even if it be assumed that the Party also advocated doctrines of force and violence, and this regardless of what the defendant's knowledge or intent may be." Reliance is had by defendant upon De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278, Herndon v. Lowry, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 and Adler v. Board of Education of City of New York, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517. These cases afford no support to the defendant's position.

4. Certiorari denied, 344 U.S. 922, 73 S.Ct. 389, 97 L.Ed. 710.

De Jonge v. Oregon, supra [299 U.S. 353, 57 S.Ct. 256], held only that the Oregon statute, Code 1930, § 14–3, 112 as amended Laws 1933, c. 459, § 3, which made it a crime to "preside at or conduct or assist in conducting any assemblage of persons, or any organization, or any society, or any group which teaches or advocates the doctrine of criminal syndicalism" was sufficiently broad in scope to reach individuals who, while neither themselves members of the Communist Party nor familiar with its purposes, assisted in the conduct of such a meeting. In such circumstances the court held the statute inherently unconstitutional, noting that "peaceful assembly for lawful discussion cannot be made a crime."

That situation is not akin to the present one. The thrust of this statute is against a member of such an organization who is cognizant of its purposes. It is not directed at peaceful assemblages having lawful purposes. Its careful language precludes the possibility that the innocent may be ensnared. The penalties attach only to those who, with full knowledge of the organization's unlawful purposes, lend it their aid and encouragement and add to its numerical strength.

Herndon v. Lowry, supra, held that the evidence adduced in support of defendant's conviction for attempting to incite insurrection by violence was insufficient and that the statutory standard was unconstitutionally vague. Adler v. Board of Education of City of New York, supra, upheld the constitutionality of the New York statute which provided for disqualification and removal of teachers found to be members of an organization advocating the violent overthrow of the Government.

■ Defendant next asserts that his indictment violates the First Amendment by providing guilt by association. Defendant makes the familiar contention that guilt must be personal and may not be imputed from association. Such a broad generality requires the analysis expressed in the concurring opinion of the late Justice Jackson in American Communications Ass'n v. Douds, 339 U.S. 382, 432–433, 70 S.Ct. 674, 701, 94 L.Ed. 925:

"Inferences from membership in such an organization are justifiably different from those to be drawn from membership in the usual type of political party. Individuals who assume such obligations are chargeable, on ordinary conspiracy principles, with responsibility for and participation in all that makes up the Party's program. * * * 'Guilt by association' is an epithet frequently used and little explained, except that it is generally accompanied by another slogan 'guilt is personal.' Of course it is; but personal guilt may be incurred by joining a conspiracy. That act of association makes one responsible for the acts of others committed in pursuance of the association. It is wholly a question of the sufficiency of evidence of association to imply conspiracy. There is certainly sufficient evidence that all members owe allegiance to every detail of the Communist Party program and have assumed a duty actively to help execute it, so that Congress could, on familiar conspiracy principles, charge each member with responsibility for the goals and means of the Party.

"Such then is the background which Congress could reasonably find as a basis for exerting its constitutional powers, and which the judiciary cannot disregard in testing them."

The application of Justice Jackson's language to the membership clause is pointedly exemplified in Frankfeld v. United States, 4 Cir., 198 F.2d 679, 684:

"Membership in an organization renders aid and encouragement to the organization; and when membership is accepted or retained with knowledge that the organization is engaged in an unlawful purpose, the one accepting or retaining membership with such knowledge makes

himself a party to the unlawful enterprise in which it is engaged."

In Scales v. United States, supra, the Court said:

"The membership clause of the statute is, of course, nothing more nor less than a statute denouncing and making criminal a conspiracy to overthrow the government by force and violence. It is elementary that a conspiracy is a partnership in criminal purposes and that all are guilty who join it with knowledge of such purposes; and all that the statute does is apply this fundamental concept of conspiracy to an organization having for its purpose the forcible overthrow of the government."

The decisions in Dennis v. United States, Frankfeld v. United States and Scales v. United States dispose adversely of this contention.

■ Another of defendant's contentions is that the membership clause of the Smith Act was repealed by Section 4(f) of the Subversive Activities Control Act of 1950.[5]

The membership clause upon which the present indictment is founded does not make membership, per se, in the organization a violation of the Act. The required knowledge of the purposes of such organization is an additional essential element. The offense, in this respect, is analagous to the crime of receiving stolen goods with knowledge that they were stolen. The receipt of stolen goods, per se, constitutes no crime. Knowledge that the goods were stolen must be charged and proven.

Scales v. United States, supra, expressly ruled on this contention as follows:

"The language of the section relied on, however, provides merely that neither holding of office nor

membership in a Communist organization shall constitute per se a violation of a criminal statute. It does not purport to exempt from criminal liability membership in an organization advocating the overthrow of the government by force and violence where such membership is acquired or held with knowledge of the criminal purposes in which the organization is engaged. In other words, mere membership in the party is not a crime. Membership with knowledge of the criminal purpose of the organization remains a crime."

This conclusion is confirmed by Section 17 of the same Act, 50 U.S.C.A. § 796 which provides:

"The foregoing provisions of this title [subchapter] shall be construed as being in addition to and not in modification of existing criminal statutes."

■ Defendant next contends that the provisions of the Communist Control Act of 1954[6] deprive him of the right to a fair and impartial trial. The essence of defendant's argument is that in §§ 2, 3 and 4 of the Communist Control Act[7] specific findings were made by the Congress that the Communist Party advocates violent overthrow of the Government; that the issue of whether the Communist Party advocates violent overthrow of the Government has, therefore, been predetermined by Congress in the statute; and that a fair and impartial jury trial is hence impossible.

The Communist Control Act of 1954 was enacted August 24, 1954. The indictment against this defendant charges a violation from July 26, 1945 to and including the date of the filing of the indictment, which was October 6, 1954. For most of the period covered by the indictment, i. e. July 26, 1945 to August

---

5. 50 U.S.C.A. § 783(f), 64 Stat. 992. "Neither the holding of office nor membership in any Communist organization by any person shall constitute per se a violation

of subsection (a) or subsection (c) of this section or of any other criminal statute."

6. 50 U.S.C.A. § 841, 68 Stat. 775.

7. 50 U.S.C.A. §§ 841, 842, 843.

23, 1954, there were no findings of fact by Congress as to the nature of the Communist Party. The only period covered by the indictment during which such findings existed was from August 24 to October 6, 1954.

Such Congressional declarations or findings as these, standing alone, create no law or presumption of law: United States v. Carolene Products Co., 304 U.S. 144, 153, 58 S.Ct. 778, 82 L.Ed. 1234. The effect of such declarations and findings is to reveal the rationale of the legislation, not to eliminate the necessity of proof of any of the elements essential to the crime charged or to deprive the defendant of the right to rebut such proof. In this case the Government will be required to prove the essential elements of the crime. It cannot rely on the findings or declarations of the Communist Control Act of 1954. The defendant will have adequate opportunity to rebut any such proof.

■ The argument that the enactment of the 1954 Statute makes impossible a fair and impartial trial, because of the supposed knowledge of its provisions by prospective jurors, presupposes the inability of a jury to be uninfluenced by matters outside the evidence presented at the trial and an unwillingness of a jury to regard carefully instructions of the trial judge. Neither supposition is justifiable. As was said by Judge Hand in United States v. Dennis, 2 Cir., 183 F.2d 201, 226:

"Certainly we must spare no effort to secure an impartial panel; but those who may have in fact committed a crime cannot secure immunity because it is possible that the jurors who try them may not be exempt from the general feelings pre-

valent in the society in which they live; we must do as best we can with the means we have."

In overruling defendant's application for continuance for the purported purpose of insuring an impartial jury, Judge Harlan said, in United States v. Flynn, 2 Cir., 216 F.2d 354, 374:

"Indeed, to hold otherwise would be tantamount to judicial proscription of the Smith Act, as applicable to members of the Communist Party, at least so long as the Internal Security Act of 1950 and the Communist Control Act of 1954 are on the books, since those statutes, which must presumably be taken as reflecting prevailing public opinion, find the Communist Party in the United States to be a conspiratorial instrument dedicated to the overthrow of the Government, if necessary by force and violence."

■ The defendant's final contention is that the indictment fails to state an offense within the statutory period of limitations. Defendant's brief omits any reference to this reason and it is unclear whether it is intended to be abandoned. The present indictment does not charge the defendant with the act of becoming a member. It does charge that he has been a member continuously since July 26, 1945 to the date of the filing of the indictment, October 6, 1954. This sufficiently charges within the period of the statute of limitations, a violation of that portion of the Smith Act which provides "(w)hoever * * * is a member of * * * any such society, group, or assembly of persons, knowing the purposes thereof * * *."

Accordingly, defendant's motion to dismiss the indictment is denied.