Print Carter O'NEAL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17489.

United States Court of Appeals Fifth Circuit.

Jan. 7, 1960.

Hayden Rector, Mobile, Ala., Edward P. Turner, Sr., Chatom, Ala., Wallace L. Johnson, Mobile, Ala., for appellant.

Ralph Kennamer, U. S. Atty., Mobile, Ala., for appellee.

Before RIVES, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The appellant was found guilty of violating certain sections [1] of the Internal Revenue Code relating to distilled spirits, and was sentenced to imprisonment for three years. His appeal from the judg-ment of conviction was first dismissed [2] and later the dismissal was vacated.[3] Meantime, there had been submitted a subsequent appeal from a judgment denying the defendant's motion for new trial on the ground of newly discovered evidence. The two appeals are now consolidated.

Upon his main appeal from the judgment of conviction, the appellant makes two contentions:

"1. The district court erred in denying the appellant's motion to exclude the government's evidence and direct a verdict for appellant.

"2. The district court erred in allowing evidence of defendant-appellant's prior convictions for liquor violations to be presented which evidence was duly objected to and exception taken by counsel for defense."

The principle governing the disposition of appellant's first contention was thus stated in Lloyd v. United States, 5 Cir., 1955, 226 F.2d 9, 13:

"It is not this Court's function to determine guilt or innocence. That judgment is exclusively for the jury, subject however to the decision of the district court reviewable by this Court as to whether the evidence is legally sufficient to sustain conviction, a matter, of course, presenting a question of law. Kotteakos v. United States, 328 U.S. 750, 763, 66 S.Ct. 1239, 90 L.Ed. 1557. In the performance of its function, the court has no right to invade the province of the jury by determining questions of credibility and weight of evidence. Goldman v. United States, 245 U.S. 474, 477, 38 S.Ct. 166, 62 L.Ed. 410; Stilson v. United States, 250 U.S. 583, 588, 40 S.Ct. 28, 63 L.Ed. 1154; Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Mortensen v. United

1. Sections 5008(b) and 7206(4) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 5008(b), 7206(4).

2. O'Neal v. United States, 5 Cir., 264 F. 2d 809.

3. O'Neal v. United States, 5 Cir., 272 F.2d 412.

States, 322 U.S. 369, 374, 64 S.Ct. 1037, 88 L.Ed. 1331. 'The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.' Glasser v. United States, supra [315 U.S. 60, 62 S.Ct. 469]."

Tested by that rule, while the evidence of guilt was not conclusive, it was ample to sustain the verdict of the jury. No good purpose would be served by setting out the evidence in extenso.

■ As to appellant's second contention, the following cross-examination of the defendant appears on page 122 of the transcript (the page to which appellant refers):

"Q. Now then, you say you have never been convicted for violating the state prohibition laws? A. I didn't say that, Your Honor.

"Q. Your lawyer just asked you and you said you never had? A. He asked me about shinny.

"Q. How many times have you been convicted for violating the state liquor laws? A. Twice for bonded whiskey."

Just previously (Record 120) on direct examination, the defendant had testified:

"Q. Have you ever sold any illegal whiskey? A. No, sir.

"Q. Any untaxed whiskey? A. No, sir.

"Q. Have you ever had any untaxed whiskey in your possession? A. No, sir."

It appears that appellant is mistaken in the assertion that he had objected to evidence of his prior convictions for liquor violations. In any event, his testimony on direct examination had opened the door to cross-examination as to any such convictions, and the evidence was properly admitted.

■ The district court heard the testimony in open court on the defendant's motion for new trial on the ground of newly discovered evidence and, after further hearing arguments by the attorneys, denied the motion. As to a review of such denial, this Court has said:

"It seems now to be settled that the order overruling the motion for new trial is a final order from which an appeal will lie. However, the court cannot substitute its judgment on the facts for that of the trial judge; it has no power to try the facts *de novo;* it can review the record for errors of law only, to determine, among other things, whether the trial judge has abused his discretion." Harrison v. United States, 5 Cir., 1951, 191 F.2d 874, 876.

After a careful reading and consideration of the testimony on the motion for new trial, we certainly cannot say that the trial judge abused his discretion in overruling and denying said motion.

Both judgments appealed from are therefore

Affirmed.