# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-1715

JONATHAN BARTLETT,

*Petitioner-Appellant,*

*v.*

DEIDRE BATTAGLIA, Warden,[1]

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 4204—**Matthew F. Kennelly**, *Judge.*

ARGUED APRIL 11, 2006—DECIDED JUNE 21, 2006

Before FLAUM, *Chief Judge,* and BAUER and SYKES, *Circuit Judges.*

FLAUM, *Chief Judge.* On July 19, 2000, following a trial in the Cook County Circuit Court of Illinois, a jury found Jonathan Bartlett guilty of first-degree murder, attempted first-degree murder, and aggravated discharge of a firearm. After exhausting his appeals in the Illinois State Court system, Bartlett filed a petition for a writ of habeas corpus in the Northern District of Illinois. The district court denied

---

[1]  Pursuant to FEDERAL RULE OF APPELLATE PROCEDURE 43(c)(2), Deidre Battaglia has been substituted for the original respondent, Kenneth R. Briley.

Bartlett's petition, but granted a Certificate of Appealability.

For the following reasons, we now affirm the judgment of the district court.

## I.  Background

For the crimes of first-degree murder, attempted first-degree murder, and aggravated discharge of a firearm, the State of Illinois, Cook County Circuit Court, sentenced Jonathan Bartlett to a term of forty years' imprisonment. Bartlett appealed, claiming, inter alia, that the prosecutor's closing argument improperly quantified the burden of proof and violated his rights to due process and a fair trial. The Appellate Court of Illinois, First Judicial Circuit, reversed Bartlett's conviction for aggravated discharge of a firearm, but affirmed his remaining convictions and total sentence.[2] The Supreme Court of Illinois denied Bartlett's petition for appeal.

After exhausting state remedies, Bartlett filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). The district court denied the petition for a writ of habeas corpus, but issued a Certificate of Appealability "with regard to petitioner's claim that the prosecutor's argument regarding the burden of proof improperly quantified the burden of proof and violated petitioner's rights to due process and a fair trial."

Bartlett's appeal concerns statements made by the prosecution during the rebuttal portion of its closing argument. These comments were quoted by the Illinois Appellate Court and are contained in the record before this Court:

---

[2]  The reversal had no impact on Bartlett's total sentence, nor the substance of this appeal.

**Mr. Shlifka [Assistant State's Attorney]:** . . . Mr. Sheppard [Defendant's counsel] has spent a lot of time telling you about how Johnathan [sic] Bartlett is cloaked with the presumption of innocence, and he referred to the weighty burden and the heavy burden and all these nice little stories and—

**Mr. Sheppard:** Objection, your Honor.

**The Court:** Overruled.

**Mr. Shlifka:** Brick walls. Brick walls. Well, let me explain something to you, folks. The burden we have is beyond a reasonable doubt. Not beyond any doubt, not beyond a shadow of a doubt, not beyond all doubt, but beyond a reasonable doubt. And it's not like a brick wall.

**Mr. Sheppard:** Objection, your Honor.

**The Court:** Overruled.

**Mr. Shlifka:** It's not like a brick wall at all where you have to remove every single brick. Think of it more like a puzzle. *Think the Eiffel Tower. You're putting those pieces in. You want to get thirty percent (30%) done. Well, it kind of looks likes a tower to me. Let's say you get all the pieces in except ten, twenty, thirty. You're looking at it. My gosh, that's the Eiffel tower. Do you have a doubt, a reasonable doubt? And there's still pieces missing. Beyond a reasonable doubt is the standard.* That cloak that Mr. Bartlett walked into this courtroom with through our evidence has been thrown in the garbage.

(Emphasis added).

The prosecution was not alone, however, in their attempts to describe reasonable doubt. Presumably, the prosecution's "brick wall" commentary was a response to the defendant's closing argument, in which, the defense defined the "pre-

sumption of innocence" as a "brick mortar wall," which the State must remove "every brick" of.

In its opinion, the Illinois Appellate Court admonished trial counsel and judges that they should avoid attempting to explain the standard of proof in criminal cases. *People v. Bartlett*, No. 1-00-3404, slip op. at 29 (Ill. App. Ct. 1st Dist. Sep. 24, 2002) (citing *People v. Keene*, 660 N.E.2d 901 (Ill. 1995)). In this case, however, the court found:

> a close reading of the State's comments . . . does not indicate that the State improperly attempted to compare the "beyond a reasonable doubt standard" to a 30% completed puzzle. Although the State initially mentioned "30%," it did not directly equate that percentage with its burden of proof. The State, in fact, subsequently equated its burden of proof to a nearly completed puzzle that was only missing a few pieces when directly referring to the "beyond a reasonable doubt" standard. While we agree that the State's analogy, by making the reference to "30%," appears at first glance to be confusing and improper, a reading of the State's entire argument in context here does not support defendant's argument that he was prejudiced by the State's comments, thereby depriving him of a fair trial.

*Id.* at 31-32.

The district court evaluated Bartlett's habeas petition under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—resulted in a decision that was *contrary to,* or *involved an unreasonable application of, clearly established Federal law, as*

*determined by the Supreme Court of the United States*[.]"
(emphasis added)).

Given the constraints of AEDPA, the district court found
that it "may not . . . consider the matter *de novo*. . . . Under
the law as it now stands, the Court is constrained to
conclude that the [Illinois] Appellate Court did not unrea-
sonably apply federal law." The district court went on to
state that if it were "free to make an independent decision
[it] would conclude that the prosecutor's comments were
sufficiently prejudicial to warrant vacating Bartlett's
conviction," but that "[t]he [Illinois] Appellate Court's
assessment of the impact of the prosecutor's comments on
the trial as a whole involved an issue as to which reason-
able minds could differ."

Bartlett now appeals the decision of the district court,
arguing that the Illinois Appellate Court's conclusion that
Bartlett received a fair trial, despite the prosecutor's
improper statement, is "contrary to, or involved an unrea-
sonable application of" Supreme Court precedent. Bartlett
specifically cites the cases of *In re Winship*, 397 U.S. 358
(1970); *Cage v. Louisiana*, 498 U.S. 39 (1990); *Sullivan v.
Louisiana*, 508 U.S. 275 (1993); and *Darden v. Wainwright*,
477 U.S. 168 (1986).

## II.  Discussion

We review a district court's denial of a habeas petition
de novo and the district court's findings of fact for clear
error. *Barrow v. Uchtman,* 398 F.3d 597, 602 (7th Cir.
2005).

> Under the Anti-Terrorism and Effective Death Penalty
> Act (AEDPA), 28 U.S.C. § 2254(d), a federal court will
> not grant a writ of habeas corpus to a state prisoner
> with respect to any claim adjudicated on the merits
> in state court unless the state decision was (1) "contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1-2) (2003). *See also Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

*Id.*

When reviewing a state-court decision, this Court may only issue a writ of habeas corpus if "the state court's application of governing federal law is . . . shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citations omitted). Although "federal courts, even on habeas, have an independent obligation to say what the law is," *Williams v. Taylor*, 529 U.S. 362, 384 (2000) (quoting *Wright v. West*, 505 U.S. 277, 305 (1992) (O'Connor, J., concurring)), "habeas relief should not be granted if the state court decision can be said to be one of several equally-plausible outcomes." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (citing *Boss v. Pierce*, 263 F.3d 734, 742 (7th Cir. 2001)).

The requirement that a habeas court find that the state court's decision "unreasonably applied clearly established federal law" is a "difficult standard to meet; 'unreasonable' means 'something like lying well outside the boundaries of permissible differences of opinion.'" *Id.* (quoting *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)).

The Illinois Appellate Court limited its analysis of the prosecutor's comments to whether they constituted prosecutorial misconduct under the standards established in *Darden v. Wainwright*, 477 U.S. 168 (1986).[3] *Darden*

---

[3] Although the Illinois Appellate Court did not cite *Darden*,
(continued...)

established a framework to evaluate "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). The *Darden* test has two prongs. First, the court evaluates whether the prosecution's statements were improper. Second, if the comments were improper, the court asks whether the defendant was prejudiced by them. *Ruvalcaba v. Chandler*, 416 F.3d 555, 565 (7th Cir. 2005).

Bartlett argues that, "[g]iven the importance the Supreme Court has placed on reasonable doubt, [*In re Winship*, 397 U.S. 358 (1970)]," the more stringent structural defect analysis "regarding the quantification of reasonable doubt" should be applied in this case. *See Cage v. Louisiana*, 498 U.S. 39 (1990) (reversal of conviction is appropriate where a reasonable juror could have interpreted the judge's instruction to allow a finding of guilt based on a lesser degree of proof than guilt beyond a reasonable doubt);[4] *Sullivan v. Louisiana*, 508 U.S. 275 (1993) (constitutionally deficient reasonable doubt instruction requires reversal of conviction).

Bartlett is correct in emphasizing the importance of the proof beyond a reasonable doubt standard. The government's burden to prove an alleged criminal's guilt beyond a reasonable doubt is a "notion—basic in our law and rightly

---

[3] (...continued)
we agree with the district court's assessment that the state court's review utilized the standards established in *Darden*.

[4] The Supreme Court subsequently abandoned the "reasonable juror" standard. *Boyde v. California*, 494 U.S. 370 (1990). *Boyde* established that the proper standard for evaluating a jury instruction is whether a "reasonable likelihood" exists that the jurors in a particular case misunderstood their duty because of an erroneous instruction. *See Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991) (citing *Boyde*, 494 U.S. at 379-80).

one of the boasts of a free society—[that] is a requirement and a safeguard of due process of law in the historic, procedural content of 'due process.'" *Winship*, 397 U.S. at 362 (quoting *Leland v. Oregon*, 343 U.S. 790, 802-03 (1952)). The question for this Court is whether the prosecutor's comments during closing argument were so egregious that they deprived Bartlett of his due process right to be convicted only by proof beyond a reasonable doubt.

In *Cage*, the Supreme Court evaluated a reasonable doubt instruction given by the judge to the jury. The Supreme Court found that "a reasonable juror" may have understood the jury instruction "to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." *Cage*, 498 U.S. at 41. Even were this case to concern jury instructions rather than prosecutorial statements, Bartlett advances an incorrect statement of the law by relying upon *Cage*. Today, "a jury instruction is unconstitutional if there is a *reasonable likelihood* that the jury understood the instruction to allow conviction without proof beyond a reasonable doubt." *Tyler v. Cain*, 533 U.S. 656, 658 (2001) (emphasis added).

In *Sullivan*, the Supreme Court found that an erroneous jury instruction concerning the guilt beyond a reasonable doubt standard is not subject to a harmless-error analysis. 508 U.S. at 281-82. Where there is a reasonable likelihood that a jury does not believe that it must find proof beyond a reasonable doubt to find the defendant guilty, the erroneous instruction is a "structural error" that may not be cured through a harmless error analysis. *Id*.

The instant case concerns a prosecutor's argument, not an erroneous jury instruction. Despite the essential differences between a statement from the bench and a statement from the prosecution, the petitioner asks this Court to find that the facts in this case are "materially indistinguishable" from

the facts of *Sullivan* and *Cage*.[5]

Thus, Bartlett asks this Court to extend the holdings of previous cases to apply to the facts of his case. While this reasoning is typically acceptable, in a habeas proceeding our review is restricted to ensuring that the state courts reasonably apply "clearly established Federal law." 28 U.S.C. § 2254(d); *see also Dixon v. Snyder*, 266 F.3d 693, 700 (7th Cir. 2001) ("An 'unreasonable application' of Supreme Court precedent occurs when 'the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case' or 'if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" (citing *Williams*, 529 U.S. at 407; *Jackson v. Miller*, 260 F.3d 769 (7th Cir. 2001)). While we strongly disapprove of the prosecution's clumsy attempts to discuss the burden of proof, these comments simply could not have poisoned the jury's understanding in the same manner an erroneous jury instruction would have.

The Supreme Court has never extended the application of *Cage* and *Sullivan* to prosecutors' misstatements and we believe it would be inappropriate to do so in the instant case. As always, we will analyze the petitioner's prosecutorial misconduct claims under the standards set forth in *Darden*.

> [A]rguments of counsel generally carry less weight with a jury than do instructions from the court. The former are usually billed in advance to the jury as matters of argument, not evidence, . . . and are likely viewed as

---

[5] As stated above, *Sullivan* and *Cage* no longer represent the appropriate test for jury instructions. *See Estelle*, 502 U.S. at 72 n.4 (citing *Boyde*, 494 U.S. at 379-80).

the statements of advocates; the latter, we have often recognized, are viewed as definitive and binding statements of the law. *See Carter v. Kentucky*, 450 U.S. 288, 302-04, and n.20 (1981); *Quercia v. United States*, 289 U.S. 466, 470 (1933); *Starr v. United States*, 153 U.S. 614, 626 (1894). . . . This is not to say that prosecutorial misrepresentations may never have a decisive effect on the jury, but only that they are not to be judged as having the same force as an instruction from the court. And the arguments of counsel, like the instructions of the court, must be judged in the context in which they are made. *Greer v. Miller*, 483 U.S. 756, 766 (1987); *Darden v. Wainwright*, 477 U.S. 168, 179 (1986); *United States v. Young*, 470 U.S. 1, 11-12 (1985); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974).

*Boyde v. California*, 494 U.S. 370, 384-85 (1990).

Therefore, we will analyze the prosecution's comments under *Darden*, rather than under the *Cage* and *Sullivan* standard the petitioner suggests. *Darden* instructed a reviewing court to make two inquiries concerning prosecutorial statements: 1) Were the prosecutor's statements improper; and 2) Was the defendant prejudiced? *See Ruvalcaba*, 416 F.3d at 565.

The government does not dispute that the prosecution's statements were improper. Therefore, we need only evaluate whether the defendant was prejudiced. Under the second prong of *Darden*, the question of whether a new trial is constitutionally required depends on six factors:

(1) whether the prosecutor misstated the evidence, (2) whether the remarks implicate specific rights of the accused, (3) whether the defense invited the response, (4) the trial court's instructions, (5) the weight of the evidence against the defendant, and (6) the defendant's opportunity to rebut.

*Howard v. Gramley*, 225 F.3d 784, 793 (7th Cir. 2000) (citing *Darden*, 477 U.S. at 181-82; *United States v. Pirovolos*, 844 F.2d 415, 426 (7th Cir. 1988)).

*(1) Whether the prosecutor misstated the evidence.*

Bartlett relies upon the prosecutor's mention of "30%" as evidence that he misstated the standard of proof. While the prosecution's statements were misguided, they were not as misleading as the petitioner alleges. Taken in context, the prosecution did not ask the jury to convict if they were only 70% sure of Bartlett's guilt.

The Illinois Appellate Court found that although the prosecution's statements "appear[ ] at first glance to be confusing and improper," "a close reading of the State's comments here does not indicate that the state improperly attempted to compare the 'beyond a reasonable doubt standard' to a 30% completed puzzle." *People v. Bartlett*, No. 1-00-3404, slip op. at 31-32 (Ill. App. Ct. 1st Dist. Sep. 24, 2002). This is a reasonable interpretation of the prosecution's comments, and certainly does not lie "outside the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d at 662 (citing *Hardaway*, 302 F.3d at 762).

*(2) Whether the remarks implicate specific rights of the accused.*

While the right to be convicted only upon proof beyond a reasonable doubt is a constitutional guarantee of extraordinary importance, a *prosecutor's* remarks simply do not implicate the rights of the accused to the same extent that jury instructions do. While incorrect jury instructions, which improperly alter the burden of proof, directly implicate the due process clause, *Winship*, 397 U.S. at 364, the same cannot be said of misguided prosecutorial commentary.

*(3) Whether the defense invited the response.*

Where defense counsel has "invited" a response, a prosecutor's otherwise improper remarks will not warrant reversal of a conviction if they do nothing more than "right the scale." *United States v. Young*, 470 U.S. 1, 12-13 (1985). In this case, the defendant's closing argument had compared the prosecution's burden to a "brick mortar wall," from which the State was required to remove every brick. Although Bartlett argues that the prosecution went beyond a response to his "brick wall" comments by using the "Eiffel Tower" analogy, such analogies need not involve the same theoretical items (brick wall or Eiffel Tower) to be considered responsive.

While reasonable minds can dispute the relative weight of these competing inappropriate analogies, the state appellate court found, "In light of the fact that defendant's counsel analogized the State's burden of proof to a 'brick wall' and characterized it as 'weighty,' it was not inappropriate for the State to respond to those characterizations during its rebuttal argument." *People v. Bartlett*, No. 1-00-3404, slip op. at 31 (Ill. App. Ct. 1st Dist. Sep. 24, 2002). While the state appellate court went on to describe the State's comments as "confusing and improper" at "first glance," there was nothing unreasonable about the Illinois Appellate Court's assessment that the prosecution's comments were within the range of permissible responses.

*(4) The trial court's instructions.*

The trial court's instructions stated, "Neither opening statements nor closing arguments are evidence, and any statement or argument . . . which is not based on the evidence should be disregarded." The trial court also instructed the jury that, "The state has the burden of proving the guilt of the defendant beyond a reasonable doubt[.]"

Despite these instructions, Bartlett claims that the trial court erred by failing to provide a curative instruction to counteract the prosecution's statements. While the trial court did not specifically address the misleading comments by the prosecutor, this failure alone does not constitute a denial of due process. As stated previously, juries are capable of distinguishing between instructions given by the court and arguments made by the prosecution. It would be folly for this Court to find that an offhand and arguably prejudicial argument made by an attorney is of greater weight than a court's instructions.

*(5) The weight of the evidence against the defendant.*

The Illinois Appellate Court found "that none of the other complained-of comments in defendant's brief prejudiced defendant, especially in light of the strong identification evidence that was presented against defendant." *People v. Bartlett*, No. 1-00-3404, slip op. at 31 (Ill. App. Ct. 1st Dist. Sep. 24, 2002). While the petitioner is correct that the jury must assess the credibility of witnesses, *see Goldman v. United States*, 245 U.S. 474, 477 (1918), the Illinois Appellate Court made a reasonable determination that given the total weight of the evidence, the prosecutor's comments did not prevent the jury from understanding its role, making a proper credibility determination, and assessing guilt beyond a reasonable doubt.

*(6) The defendant's opportunity to rebut.*

The defendant had no opportunity to answer the comments made in the prosecution's rebuttal argument. The petitioner argues that "[t]his lack of ability to respond was exacerbated by the fact that the trial judge overruled defense counsel's objections to the State's comments and failed to issue curative instructions." However, Bartlett only objected to the prosecution's first mention of a brick wall, a statement made in response to his own misguided analogy. Bartlett's claim that the trial court implicitly endorsed the prosecution's "30%" statement by overruling his objection rings hollow, as he never properly registered an objection to the relevant comments.

Although no specific opportunity for rebuttal was provided to the defendant, the trial court's jury instructions, explaining the prosecution's burden, were more than sufficient to counteract the prosecutor's wrongheaded and inarticulate statements.

The district court stated that were it "free to make an independent decision, we would conclude that the prosecutor's comments were sufficiently prejudicial to warrant vacating Bartlett's conviction." Rather than render a prediction concerning what our independent judgment of this case might be, we limit our affirmance to the district court's ultimate conclusion that regardless of whether we agree with the Illinois Appellate Court's conclusion, any disagreements we may have are "not enough to render that court's decision *objectively* unreasonable" under 28 U.S.C. § 2254.

## III.  Conclusion

For the above stated reasons, we AFFIRM the district court's denial of the petition for a writ of habeas corpus.

No. 05-1715    15

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*