IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of: | ) ) ) | No. 82597-6-I |
| | ) | DIVISION ONE |
| KEVIN MICHAEL LEE, II, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | |

HAZELRIGG, J. — Kevin Michael Lee, II, seeks relief from his convictions for rape in the second degree and assault in the second degree, each designated as a crime of domestic violence, by way of this personal restraint petition. He argues there is insufficient evidence to sustain his conviction and that instructional error, ineffective assistance of counsel, and prosecutorial misconduct impacted his trial. Because Lee fails to demonstrate any constitutional error resulting in actual prejudice, we deny his petition.

FACTS

After a jury trial, Kevin Lee was found guilty of rape in the second degree and assault in the second degree, both as crimes of domestic violence.[1] After the jury returned guilty verdicts on these two counts, Lee was sentenced to 95 months on the rape conviction and 13 months on the assault conviction, to run

---

[1] The jury was unable to return a verdict for two counts: assault in the second degree and felony harassment.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

concurrently. Lee appealed; this court affirmed his convictions and issued its opinion on February 18, 2020.[2] See State v. Lee, 12 Wn. App. 2d 378, 460 P.3d 701 (2020). Lee timely filed this personal restraint petition.

ANALYSIS

I.     Standards for a Personal Restraint Petition

A personal restraint petition is a collateral attack on a criminal conviction. In re Pers. Restraint of Davis, 152 Wn.2d 647, 670, 101 P.3d 1 (2004). A petitioner generally may not raise issues previously advanced and rejected on direct appeal, and "new issues must meet a heightened showing before a court will grant relief." In re Pers. Restraint of Yates, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). "For alleged constitutional errors, '[a] petitioner has the burden of showing actual prejudice . . . for alleged nonconstitutional error, [they] must show a fundamental defect resulting in a complete miscarriage of justice.'" Id. (first alteration in original) (quoting In re Pers. Restraint of Elmore, 162 Wn.2d 236, 251, 172 P.3d 335 (2007) (Elmore II)). Lee alleges a petitioner need not make this threshold demonstration of prejudice because he presents issues not raised in his direct appeal. This is inconsistent with our case law. First, Lee cites to In re Personal Restraint of Pierce, wherein the petitioner alleged error based on the Department of Corrections' deduction of funds from their trust account during their incarceration pursuant to a statute. 173 Wn.2d 372, 376, 268 P.3d 907 (2011). The petition was filed after sentencing. Pierce, in turn, quotes In re Personal Restraint of Gentry, where the petitioner

_____

[2] The facts of Lee's offenses were set forth in this court's published opinion affirming his conviction on direct appeal, are well known to the parties, and need not be repeated here.

alleged error based on transfers to different units within the Washington State Penitentiary while serving a sentence. 170 Wn.2d 711, 713–14, 245 P.3d 766 (2010). All of the alleged errors Lee now raises occurred before he was sentenced, and as such, he had an opportunity to seek review of the issues in his direct appeal and must meet the threshold showing of prejudice. See Pierce, 173 Wn.2d at 377 ("[W]hen a petition 'raises issues that were afforded no previous opportunity for judicial review, the petitioner need not make the threshold showing.'" (Emphasis added) (quoting Gentry, 170 Wn.2d at 714–15)).

This court has "three available options when reviewing a personal restraint petition: (1) dismiss the petition, (2) transfer the petition to a superior court for a full determination on the merits or a reference hearing, or (3) grant the petition." Yates, 177 Wn.2d at 17. A petitioner must support their request for relief by stating "the facts underlying the claim of unlawful restraint and the evidence available to support the factual allegations." In re Pers. Restraint of Rice, 118 Wn.2d 876, 885–86, 828 P.2d 1086 (1992). "Bald assertions and conclusory allegations will not support the holding of a hearing." Id. at 886. If the allegations rest on evidence outside of the record, the petitioner "must demonstrate that [they] ha[ve] competent, admissible evidence to establish the facts." Id.

With these standards in mind, we turn to Lee's petition.

II.    Sufficiency

Lee first alleges there is insufficient evidence to support his conviction for rape in the second degree because the State failed to demonstrate forcible compulsion. His argument here largely rests on a claim of witness bias and

- 3 -

challenging the credibility of the victim. Lee misunderstands our standard of review for sufficiency and, accordingly, his claim fails.

In a sufficiency challenge, we view "the evidence in the light most favorable to the State" to determine whether "any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). However, "[c]redibility determinations are for the trier of fact and are not subject to review." State v. Mines, 163 Wn.2d 387, 391, 179 P.3d 835 (2008). Likewise, we defer to the jury on issues of conflicting testimony and the persuasiveness of evidence. State v. Fiser, 99 Wn. App. 714, 719, 995 P.2d 107 (2000). Because the jury observes witness testimony firsthand, "we defer to the jury's resolution of conflicting testimony, evaluation of witness credibility, and decisions regarding the persuasiveness and the appropriate weight to be given the evidence." State v. McCreven, 170 Wn. App. 444, 477, 284 P.3d 793 (2012).[3] This court's "role is not to reweigh the evidence and substitute our judgment for that of the jury." Id. Our authority does not include "the right to invade the province of the jury by determining questions of credibility and weight of evidence." Goldman v. United States, 245 U.S. 474, 477, 38 S. Ct. 166, 62 L. Ed. 410 (1918); see also State v. Gilcrease, 63 Wn.2d 731, 732, 388 P.2d 962 (1964).

To secure a conviction for rape in the second degree as it was charged here, the State needed to demonstrate Lee "knowingly cause[d] another person to have sexual contact with him . . . [b]y forcible compulsion." Former RCW

---

[3] See also State v. Robinson, 189 Wn. App. 877, 896, 359 P.3d 874 (2015) (court would not review alleged inconsistencies in witness testimony where "the jury had the opportunity to weigh [the victim's] testimony and chose to believe [them]."

9A.44.100 (LAWS OF 2021, ch. 142 § 10). Forcible compulsion is defined as "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped." Former RCW 9A.44.010 (LAWS OF 2020, ch. 312 § 707).

Here, the victim testified as to her various expressions of lack of consent and described in detail the different acts of force she claimed Lee committed against her before and during the rape. Lee asserts that the victim's testimony about force was "inconsistent with the physical evidence." However, we do not re-weigh issues of witness credibility and conflicting testimony and we view all evidence in the light most favorable to the State.

Lee also asserts there was insufficient evidence of forcible compulsion because the victim allowed Lee to enter her apartment, did not call 911, did not attempt to escape, no neighbors testified to hearing loud noises, and she drove to a gas station after Lee fell asleep, purportedly rather than immediately contacting authorities. As a preliminary matter, allowing someone into one's home is not evidence of consent to sexual activity. Next, and more critically with regard to our review under the posture of a personal restraint petition, these are contentions more suited for presentation to a trier of fact, such as closing arguments to a jury.[4] Viewing all evidence in the light most favorable to the State, and deferring to the jury's credibility determinations, there is sufficient evidence of forcible compulsion.

---

[4] Most of these arguments were in fact made to the jury during Lee's closing argument, which largely focused on the credibility of the victim's testimony.

III.    Consent Instruction

Interwoven with his sufficiency argument is Lee's assertion that the court should have instructed the jury that it could consider evidence of consent in determining whether Lee used forcible compulsion to complete the rape. He conflates this claim of instructional error with a sufficiency challenge, but they are two separate issues with different tests. We analyze them separately.

In 2014, our state Supreme Court held "that consent negates the element of forcible compulsion," and "[t]herefore, once a defendant asserts a consent defense and provides sufficient evidence to support the defense, the State bears the burden of proving lack of consent as part of its proof of the element of forcible compulsion." State v. W.R., Jr., 181 Wn.2d 757, 763, 336 P.3d 1134 (2014). However, the court explicitly held that "[b]ecause the focus is on forcible compulsion, jury instructions need only require the State to prove the elements of the crime. It is not necessary to add a new instruction on consent simply because evidence of consent is produced." Id. at 767 n.3. The court reaffirmed this holding in State v. Knapp, a case upon which Lee relies. See 197 Wn.2d 579, 588, 486 P.3d 113 (2021) ("[W]e observed, '[i]t is not necessary to add a new instruction on consent' because the issue of consent inherently exists within the element of forcible compulsion" (quoting W.R., 181 Wn.2d at 767 n.3)). Instructions may be constitutionally adequate where a defense and the element it negates are mutually exclusive, even if the jury is "'not explicitly instructed on the State's burden to disprove [the defense that negates an element of the crime]." Id. at 589 (alterations

in original) (quoting State v. Imokawa, 194 Wn.2d 391, 399–400, 450 P.3d 159 (2019)).

The court's instructions to the jury here required the State to prove "the sexual intercourse occurred by forcible compulsion." Based on our Supreme Court's precedent in W.R. and Knapp, the jury was properly instructed.[5]

IV.     Ineffective Assistance of Counsel

Lee next alleges he received ineffective assistance of counsel at trial. He claims that his trial counsel's performance was deficient based on failure to investigate a potential alibi defense and to request a voluntary intoxication defense instruction.

"We review ineffective assistance of counsel claims de novo." State v. Estes, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. State v. Classen, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018). To succeed on a claim, a petition must meet the two-pronged Strickland[6] test, demonstrating both deficient performance and resulting prejudice. In re Pers. Restraint of Crace, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012). Failure on either element of the test ends our analysis. Classen, 4 Wn. App. 2d at 535. "[C]ounsel's performance is deficient if it falls below an objective standard of reasonableness and was not based on a tactical decision." Id. When

---

[5] Because the court was not required as a matter of law to give a consent instruction, we need not reach the question of whether Lee presented sufficient evidence to raise the defense of consent.

[6] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

an ineffective assistance of counsel claim is raised in a personal restraint petition, a petitioner who meets both prongs of the test "has necessarily met [their] burden to show actual and substantial prejudice" to succeed on a personal restraint petition. Crace, 174 Wn.2d at 846.

A. Failure to Investigate

Lee asserts his counsel was ineffective in failing to investigate a potential alibi defense. He further alleges his attorney failed to investigate the victim's motivation to lie or background information regarding text messages from Lee to the victim that the State framed as an admission, and that counsel failed to identify witnesses who could have testified on his behalf.

"Under the Sixth Amendment [to the United States Constitution], counsel is required to conduct a reasonable investigation." Davis, 152 Wn.2d at 735 (emphasis in original). To succeed on this claim, a petitioner "must show a reasonable likelihood that the investigation would have produced useful information not already known to defendant's trial counsel." Id. at 739. We directly assess "a particular decision not to investigate . . . giving great deference to counsel's judgments." In re Pers. Restraint of Elmore, 162 Wn.2d 236, 252, 172 P.3d 335 (2007).

The court in Davis noted that the Sixth Amendment "'does not necessarily require that every conceivable witness be interviewed.'" 152 Wn.2d at 739 (quoting Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Circ. 2001)). In Davis, the petitioner's failure to investigate claim failed where they only identified one potential witness who should have been interviewed, and failed to "indicate their availability or

specify the content of their testimony." Id. at 740. Again, in a personal restraint petition, the petitioner must provide more than "[b]ald assertions and conclusory allegations," and instead "'must demonstrate that [they] ha[ve] competent, admissible evidence to establish the facts that entitle [them] to relief.'" Yates, 177 Wn.2d at 18 (quoting Rice, 118 Wn.2d at 886).

Here, Lee provides only a bare conclusion that some unidentified witness should have been interviewed and if they had, their testimony would have supported an alibi defense. He does not specify who that witness might be, what information they would provide, and what facts would support an alibi defense. To support his contention that counsel failed to investigate the victim's purported motivation to lie, he cites only to his mother-in-law's outbursts at the sentencing hearing when she stated that the victim was lying because Lee had impregnated another woman. This is not sufficient to demonstrate an investigation would have provided useful information not already known by counsel. Without more, Lee fails to demonstrate counsel's performance was deficient and he does not prevail on his ineffective assistance of counsel claim.

### B. Voluntary Intoxication Instruction

We presume counsel is competent and give "'exceptional deference . . . when evaluating counsel's strategic decisions.'" Davis, 152 Wn.2d at 714 (quoting State v. McNeal, 145 Wn.2d 352, 362, 37 P.3d 280 (2002)). If counsel's decisions "'can be characterized as legitimate trial strategy or tactics, performance is not deficient.'" State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009)).

At trial, Lee's counsel pursued a strategy of general denial, emphasizing that "[t]his is a case of lack of evidence." Counsel underscored that the victim was "the only witness who testified who has direct knowledge of what occurred or did not occur," and that her testimony was "inconsistent," not credible, and unsupported by physical evidence. Introducing a voluntary intoxication introduction would have undermined this general denial defense by admitting the acts alleged by the victim and instead contesting only the mental state for assault.[7] This would have weakened defense's strategy and risked the jury misperceiving it as an admission of the more serious charge of rape in the second degree.[8] As the State points out, Lee's attorney may have been concerned the jury would be unsympathetic to Lee's acts of strangling the victim if he admitted the act but attempted to defend those acts on the grounds of intoxication. Lee does not respond to these arguments in his reply, stating only that the State failed to suggest adequate strategic reasons for failing to raise the instruction. However, it is Lee who must demonstrate a lack of legitimate strategic reasons; the State bears no burden to demonstrate strategic reasons for failing to request an instruction.

Because Lee fails to demonstrate that there was no legitimate strategic or tactical reason for failing to request a voluntary intoxication instruction, we need not reach the prejudice prong.[9]

---

[7] The relevant mental state for assault is "'specific intent to create apprehension of bodily harm or to cause bodily harm.'" State v. Abuan, 161 Wn. App. 135, 154–55, 257 P.3d 1 (2011).

[8] Rape in the second degree is a strict liability crime and therefore voluntary intoxication is not an available legal defense. See State v. Joseph, 3 Wn. App. 2d 365, 374, 416 P.3d 738 (2018) (rape in the second degree is a strict liability crime), State v. Gallegos, 65 Wn. App. 230, 238, 828 P.2d 37 (1992) (defendant is entitled to a voluntary intoxication instruction only if the crime has a particular mental state as an element).

[9] Because we find defense counsel was not ineffective, there was no error, and we therefore do reach Lee's claim of cumulative error.

V.    Prosecutorial Misconduct

Finally, Lee argues his right to fair trial was denied because prosecutorial misconduct prejudiced the jury verdict.  He alleges the prosecutor's comment in closing that Lee had no voluntary intoxication defense, as demonstrated by the lack of a specific jury instruction on that issue, impacted the verdict.  He asserts this "effectively shifted the burden to Mr. Lee to come up with a defense for his conduct, and then criticized him for lacking one."  "In order to prevail on a claim of prosecutorial misconduct, a defendant is required to show that in the context of the record and all of the circumstances at trial, the prosecutor's conduct was both improper and prejudicial."  In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 704, 286 P.3d 673 (2012).  If a petitioner failed to object to the challenged conduct at trial, any error is waived unless the petitioner "establishes that the misconduct was so flagrant and ill intentioned that an instruction would not have cured the prejudice."  Id.

Counsel are given "'latitude to argue the facts in evidence and reasonable inferences' flowing from those facts" during closing argument.  State v. Cardenas-Flores, 194 Wn. App. 496, 515, 374 P.3d 1217 (2016) (quoting State v. Smith, 104 Wn.2d 497, 510, 707 P.2d 1306 (1985).  However, it is improper for the prosecutor to make an argument that shifts the burden of proof to the defense "because the State bears the burden of proving its case beyond a reasonable doubt, and the defendant bears no burden."  State v. Emery, 174 Wn.2d 741, 760, 278 P.3d 653 (2012).

- 11 -

In State v. Souther, this court analyzed a prosecutorial misconduct claim where a prosecutor "argued that the jury could convict Souther even if it found that he was only one percent responsible for the accident . . . because the instructions did not discuss proximate cause or superseding cause in terms of percentages." 100 Wn. App. 701, 714, 998 P.2d 350 (2000). The court noted that "[s]tatements made during closing argument that pertain to the law must be confined to the law set forth in the instructions." Id. While the instructions in Souther did not discuss negligence in percentages, "the prosecutor's comment was not a misstatement of the law" because "contributory negligence is not a defense to vehicular homicide." Id. at 715.

Similarly, the prosecutor in Lee's case discussed not the law in the jury instructions, but a legal defense missing from the instructions. The prosecutor noted that there was no voluntary intoxication instruction, and therefore the jury could not consider Lee's alleged intoxication as a defense, stating:

> [W]hat's important in those instructions is just as important as what is not in those instructions. And so if the question occurs to you, "Well, is the fact that—I mean, could have been so drunk, would that be a defense?" You'll notice that there's nothing in those jury instructions to indicate that being drink [sic] is a defense to it. So the answer to the question would be no, it's not a defense.

This is an accurate statement insofar as there was no voluntary intoxication instruction provided in this case. Had Lee put forward a voluntary intoxication defense, he would have had to "present[] evidence that the drinking affected his [ ] ability to acquire the required mental state," for the assault charge. See Gallegos, 65 Wn. App. at 238. However, voluntary intoxication was legally available as a defense if Lee had pursued such a theory as to the assault charge and produced

enough evidence at trial to support an instruction, so the sweeping statement that intoxication is "not a defense" was not entirely accurate.

However, Lee's challenge here is rooted in the claim that this statement improperly shifted the burden as opposed to misstated the law.  Here, the prosecutor reiterated several times during closing that the State bore the burden of proof, stating "I bear the high burden of proof. . . . I have to establish what happened beyond a reasonable doubt. . . . I have to put enough evidence on the scales to tip those scales really, really far heavily in my favor."  He repeated this sentiment at least six times during his closing and rebuttal argument.  Additionally, the jury instructions correctly explained the burden of proof, stating in part "The State is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt.  The Defendant has no burden of proving that a reasonable doubt exists as to these elements."

In the context of the entire argument, the State did not shift the burden of proof to Lee.  Even if the comment on the lack of voluntary intoxication instruction was improper, Lee has not demonstrated that it was so flagrant and ill intentioned such that a jury instruction would not have been able to neutralize it.

Because Lee fails to allege a constitutional error resulting in actual prejudice, we deny his personal restraint petition.

Denied.

WE CONCUR: